IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| William J.R. Embrey, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| | ) | **RE 28 U.S.C. § 1915A SCREENING** |
| vs. | ) | |
| | ) | |
| Wade H. Warren, Chief U.S. Probation Officer, et. al., | ) | Case No. 3:17-cv-033 |
| | ) | |
| Defendants. | ) | |

## I. BACKGROUND

Plaintiff, William J.R. Embrey ("Embrey") is incarcerated in the federal correctional facility located in Ashland, Kentucky serving the remainder of a sentence resulting from a judgment of conviction out of the United States District Court for the Western District of Missouri. Embrey initiated the above-entitled action on February 13, 2017, with the submission of a proposed complaint against this district's probation office and two of its officers, Chief USPO Warren and USPO Ambuehl.

Generally speaking, Embrey is upset about the fact that USPO Ambuehl responded to an inquiry from the federal Bureau of Prisons ("BOP") about the possibility of a transfer of Embrey's supervised release from the Western District of Missouri to this district by stating that the request for relocation of supervision was denied. In this action, Embrey challenges the legality of that communication and seeks certain injunctive and declaratory relief, which, if granted, would reverse or at least nullify the action.

Following the filing of the proposed complaint, Embrey also filed:

(1) "Petition Moving the Court for Consent and for Acknowledgment that it will Accept

1

Transfer of Jurisdiction over Petitioner's Supervised Release from the District Court for the Western District of Missouri" (herein "Petition for Acceptance of Transfer of Jurisdiction of Supervision" or "Petition") (Doc. No. 12);

(2) "Motion to Require the United States Marshals to Make Service of the Summons and the Complaint Upon the Defendants" (Doc. No. 13);

(3) "Motion Moving the Court for a Speedy and Immediate Hearing and Resolution of this Case" (Doc. No. 15);

(4) "Motion Moving the Court for an Order Compelling the Defendants to Perform a Statutory Duty Owed to Plaintiff and to the Federal Bureau of Prisons" (Doc. No. 17);

(5) "Motion Moving the Court to Take Judicial Notice of Facts and Controlling Law: with Motion for a Proposed Resolution of the Case" (Doc No. 18);

(6) "Motion Requesting the Court Clerk and or the Court to file the Above Caption Case as an Independent Case" (Doc. No. 19); and

(7) "Motion and Notice that Petitioner is in Imminent Peril - Danger to his Health and Life- With Motion for the Court to Consolidate his Pleadings Now Before the Court for an Immediate Adjudication on those Pleadings" (Doc. No. 21).

In reviewing the complaint and the above motions, the undersigned concluded that Embrey's Petition to Accept Transfer of Jurisdiction of Supervision (Doc. No. 12) should have been filed as a separate matter and directed the clerk to refile it in new docket. Not only did this remove that item from this docket, it also mooted Embrey's motion at Doc. No. 19 requesting that the Petition be treated as an independent case.

Following the opening of the new docket for the Petition, the undersigned filed a report and recommendation in that action dated May 23, 2017, recommending that the court act on Embrey's petition as a separate matter. See In re: William J.R. Embrey, No. 1:17-mc-003 (Doc. Nos. 3). Embrey next submitted a motion, which was docketed in that proceeding on May 30, 2017, requesting that the court expedite its consideration of his Petition. (Id. at Doc. No. 4). On June 1, 2017, Chief Judge Hovland issued an order denying the Petition to Accept Transfer of Jurisdiction and terminating that proceeding. (Id. at Doc. No. 5).

What is now before the court is Embrey's complaint for an initial screening pursuant to 28 U.S.C. § 1915A. As an initial matter, Embrey argues in one or more of his motions that our probation office's response to BOP's inquiry about a transfer of supervision violated several federal statutes. This claim was not made in Embrey's proposed complaint or its several supplements, which are limited to contending that the communication in question violated, or will result in a violation of, several of Embrey's federal constitutional rights. Because Embrey is proceeding *pro se* and to promote efficiency, the undersigned directed the clerk to designate Embrey's "Motion Moving the Court for an Order Compelling the Defendants to Perform a Statutory Duty Owed to Plaintiff and to the Federal Bureau of Prisons" at Doc. No. 17 as an additional supplement to his proposed complaint in order to encompass the statutory argument. Consequently, the operative complaint for screening purposes will be the complaint at Doc No. 6 and the supplements at Doc. Nos. 9, 11, & 17.

Additional background information as well as a discussion of possibly relevant federal statutes is set forth in the Report and Recommendation filed in In re: William J.R. Embrey, No. 1:17-mc-003 (Doc. Nos. 3). This Report and Recommendation along with Judge Hovland's order

denying Embrey's Petition are attached hereto as Attachments "A" and "B" respectively.

## II. DISCUSSION

### A. PLRA's § 1915A Screening Requirement

Congress enacted the Prison Litigation Reform Act of 1995 ("PLRA") to address the burden imposed by prisoner suits that are too often frivolous and without merit. Jones v. Bock, 549 U.S. 199, 203-04 (2007); Woodford v. Ngo, 548 U.S. 81, 84 (2006). One of the reforms enacted as part of the PLRA for cases in which prisoners are seeking to sue a governmental entity, officer, or employee requires courts to conduct an early screening to weed out claims that clearly lack merit. 28 U.S.C. § 1915A. In conducting the screening, the court is required to identify any cognizable claims and to dismiss the complaint, or any part of it that is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant. Id.

### B. Embrey has no viable claim that can now be adjudicated by this court

As noted earlier, the focus of Embrey's claims of federal constitutional and statutory violations is the response made by our probation office to an inquiry made by the BOP on Embrey's behalf requesting a transfer of his supervised release to this district from the Western District of Missouri. In a letter dated January 5, 2017, USPO Ambuehl responded that Embrey's "relocation of supervision" request was denied due to his lack of familial ties to North Dakota. (Doc. No. 6-1).

Embrey claims that the January 5, 2017 communication was unlawful because it trumped BOP's purported authority to allow him to be released to report for supervision in a federal district where he is best suited to be released. Embrey further claims that the communication will result in his being denied the ability to reside in this district while he is on supervised release and that this, in turn, violates several of his federal constitutional rights. In this action, Embrey seeks the

4

following declaratory and injunctive relief in an attempt to reverse or at least nullify that action:

1. To issue and order directing the Defendants to to [sic] show cause within 20 days- with a failure to do so, the Court will grant Plaintiff's relief;

2. To hold an immediate hearing on the above issues;

3. Issue a declaration stating that Plaintiff is a legal citizen of the State of North Dakota; with his home being Fargo, North Dakota;

4. Issue a declaration stating that Plaintiff has a secured right to live in Fargo, North Dakota;

5. Issue a declaration stating that Defendant's January 5, 2017 letter (see copy attached) is erroneous;

6. Issue a declaration stating that Defendant's January 5, 2017 letter (see copy attached) is insufficient as a bar to prevent Plaintiff from returning to his home in Fargo, North Dakota for Half-way House or Home Confinement; or to serve his supervised release;

7. Grant Plaintiff any and all other relief that he may be entitled under the Law.

(Doc. No. 6).

The problem for Embrey's requests for declaratory and injunctive relief now is the action taken by this court with respect to his Petition to Accept Transfer of Jurisdiction of Supervision. The court in its order denying the Petition stated in relevant part:

> The Court has carefully reviewed the entire file and the relevant case law. In the broad exercise of its discretion, this Court declines to accept the requested transfer of jurisdiction. *This Court's action, and any prior communications of the United States Probation Office on its behalf, are limited to the withholding of consent to the transfer of jurisdiction and [1]supervision pursuant to 18 U.S.C. § 3605.*

In re: William J.R. Embrey, No. 1:17-mc-003 (Doc. No. 5) (italics added). With this order, the court has now spoken with respect to whether it would consent to a transfer of jurisdiction over Embrey's supervised release. The court has stated it will not. This moots any claim for injunctive and

---

[1] If the court takes this action, it need not address whether some or all of the claims that Embrey is making that impact upon the conditions of his supervised relief are ones that can be litigated by way of complaint for declaratory or injunctive relief or whether they are more properly the subject of a habeas petition pursuant to 28 U.S.C. § 2241.

declaratory relief in this case based on allegations that our probation office in its January 5, 2017 communication spoke out-of-turn, so to speak, insofar as it communicated on behalf of the court the withholding of consent to a transfer of jurisdiction over his supervised release pursuant to 18 U.S.C. § 3605.

Also, with the court's above italicized clarification, any question or confusion with respect to what the January 5, 2017 communication may be taken to mean by the BOP or the Western District of Missouri has been eliminated. That is, the court has stated that the only action taken by this court is that it declines to accept a transfer of jurisdiction over Embrey's supervised release, which this court clearly has the authority to do under 18 U.S.C. § 3605. And with that, any other question with respect to where Embrey is released to report for supervision or where he may live while on supervised release are for either the BOP or the Western District of Missouri. This court does not have jurisdiction over Embrey's supervised release; that rests exclusively with Western District of Missouri. Also, this court has no authority to declare what the BOP should or should not do because the BOP is not a party to this action, and, even if it was, it doubtful this district would be the right venue. For these reasons, whatever remains of Embrey's complaint in this case after the court ruled on his Petition fails to state a viable claim for relief.

### III. RECOMMENDATION

For the reasons set forth above, it is **RECOMMENDED** that: (1) Embrey's complaint at Doc Nos. 6 and its supplements at Doc. Nos. 9, 11, and 17 be **DISMISSED WITHOUT PREJUDICE** pursuant to 18 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief can be granted; and (2) that plaintiffs' outstanding motions at Doc. Nos. 13, 15, 18, and 21 be deemed **MOOT**.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

Pursuant to D.N.D. Civil L.R. 72.1(D)(3), any party may object to this recommendation within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

Dated this 5th day of June, 2017.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court